EBENEZER BAPTIST CHURCH OF PROVIDENCE vs. SAMUEL M. THOMPSON.

JULY 2, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Religious Societies.  Contracts.  Notice.

A church contracted with a pastor for an indefinite length of time and at a salary of $20 a week, and on November 9 voted that his resignation be requested to take effect December 1, and that the office be declared vacant after that date.  He had known for five months that the official board of the church recommended that he resign and there was nothing to show that he was unable to comply with the vote requesting the resignation.

Held, that as he was entitled only to a reasonable notice of the termination of his relation with the church, in view of the circumstances, the notice was reasonable.

(2)  Religious societies.  Custom.  Meetings.

Where a special meeting of a church organization was not called in accordance with the custom prevailing in calling such meetings, the by-laws not providing for special meetings, it was not a legally called meeting, and the vote passed at such meeting rescinding a vote passed at a legally called meeting, is invalid.

BILL IN EQUITY on facts stated in opinion.  Heard on appeal of complainant and sustained.

SWEENEY, J.  This is a bill in equity to restrain the respondent from entering the church of the complainant located in the city of Providence; from doing any acts whatsoever in connection with the complainant's affairs as its pastor, from attending any of its corporation meetings and from interfering with any of its property.

After a hearing upon bill, answer, issues of fact and oral proof the Superior Court entered a final decree dismissing the bill.  The complainant then duly brought the cause to this court by its claim of appeal and states as reasons therefor that said decree is against the law and the evidence and the weight thereof.

The bill avers that on the 15th day of May, 1921, the respondent undertook the duties and responsibilities of pastor of the complainant in response to a call extended to him by it: that he was engaged for an indefinite length of time as such pastor; and that on the 9th day of November 1922, at a regular business meeting of the complainant it was voted that the resignation of the pastor be requested

to take effect December 1, 1922 and that the pulpit and office of pastor of said church be declared vacant after December 1, 1922. The bill avers that notice of said vote was given to said respondent and that he declined to resign as pastor and vacate the pulpit of said church but continued to act as pastor after the first day of December, 1922.

The respondent, in his answer, admitted that he was engaged by the complainant to act as its pastor for an indefinite length of time and that he entered upon the performance of his duties as pastor. He admitted the passage of the vote requesting his resignation as pastor and declaring the office vacant after December 1, 1922 but denied that the vote was sufficient to terminate his duties as pastor for the reason that it did not give him a reasonable time in which to sever his connection with said complainant: and also because it did not give him three months notice to which he claimed he was entitled under the rules and usages as set forth in Hiscox's New Directory for Baptist Churches. He averred that the by-laws of the complainant required all important business to come through the Deacon's board of said church and that the vote asking for his resignation was not taken on the recommendation of the Deacon's Board. Further answering he stated that at a special meeting of said complainant held November 15, 1922 it was voted to rescind the vote passed November 9th, 1922 asking for his resignation. The trial justice found that the meetings of November 9th and November 15th were legal meetings, notwithstanding the fact that the meeting of November 15th was informally called and held. He found that the time fixed in the vote passed November 9th for the termination of the respondent's duties as pastor was so short as to be unreasonable.

It is admitted by the respondent that the regular business meeting of the complainant held on the 9th day of November, 1922, in which he was asked to resign was a legal meeting. He claims that the vote asking for his resignation was rescinded at a special meeting held Nov-

vember 15, 1922. The special meeting was called by the respondent as pastor and one deacon making announcements of the special meeting at the morning and evening services of the church held on Sunday, the 12th day of November, 1922. The trial justice finds that this meeting was informally called and held. The by-laws of the complainant do not provide for the calling of a special meeting. The testimony of several deacons and trustees as to the custom of calling special meetings is to the effect that special meetings can be held only when voted at a regular business meeting or when the pastor and a majority of the deacons agree to hold one. There is no pretence that the special meeting held November 15, 1922 was called in accordance with this custom and therefore it was not a legally called meeting, and the vote passed at said meeting rescinding the vote passed November 9, 1922 asking for the resignation of the pastor, was invalid.

The respondent claims that the vote passed November 9, 1922 asking for his resignation is invalid because it did not give him three months notice of .the termination of his pastorate and because the time fixed did not give him a reasonable opportunity in which to sever his connection with the church.

When the call was extended to the respondent to act as pastor it was voted to pay him, if he accepted the call, $20.00 per week. He knew June 8, 1922 that the Board of Deacons recommended that he resign and there is nothing in the records to show that this feeling against him had changed. He was present at the meeting November 9, 1922 when the vote was passed asking him to resign, and then knew of the passsage of the vote. He paid no attention to this vote but, on the contrary, has attempted to remain as pastor of the. church in violation of the legally expressed will of the complainant. A fundamental right of the church is its absolute right to select its own pastor. The respondent introduced no testimony tending to show that he was unable to comply with the vote requesting his

resignation by the first day of December, 1922 and the reasonable inference from his testimony is that he never attempted to comply with it. The respondent was not entitled to three months notice of the termination of his pastorate, but was only entitled to a reasonable notice of its termination. He was paid by the week, and was given three weeks notice of the termination of his pastorate. In view of all of the circumstances the court is of the opinion that the time given to respondent to resign and sever his connection with the complainant as its pastor was reasonable.

The complainant is entitled to have its prayer for an injunction granted restraining the respondent from doing any acts whatsoever, in connection with its affairs as its pastor. Its other prayers for relief are denied because they are not supported by any testimony.

The complainant's appeal is sustained. The decree of the Superior Court is reversed and the parties may present to this court a form of decree in accordance with this opinion July 7, 1923, at nine o'clock a. m., Standard time.

*Joseph G. LeCount,* for complainant.

*Waterman & Greenlaw, Charles E. Tilley,* for respondent.